## COURT OF APPEALS, JUNE TERM, 1820.

Burnet & Rigden, use of Gilmor, *et al. vs.* Courts.

<div style="float:left">Where the original defendant in a supersedeas judgment pays the debt, whether with his own money or with that of others, the securities in the supersedeas are discharged, notwithstanding such original defendant may enter the judgment for the use of the persons from whom he borrows the money with which he pays the judgment or debt.</div>

APPEAL from *Charles* county court. The case was this: A judgment was rendered in *Charles* county court in favour of the present appellants, against *John Campbell,* in August 1807. It was superseded by a confession entered into on the 29th of March 1809, by *Campbell,* with *F. Newman* and *W. Courts* as his sureties. On this confes-

sion a *scire facias* issued on the 17th of February 1817, against *Campbell, Newman* and *Courts.* They appeared, and *Newman* and *Courts* pleaded *nul tiel record* of recovery and confession, and *payment* by Campbell. To which there were the general replications and issues joined. *Campbell* made no defence, and by his confession a *fiat* was entered. *Newman's* death was suggested at March 1818. The court gave judgment against *Courts* on the plea of *nul tiel record.*

At the trial of the other issue, *Courts,* the defendant, proved that *Campbell* informed the attorney of the legal plaintiffs in this cause, on the 31st of March 1810, that he had obtained a loan by the aid of some friends, the persons for whose use this action is entered, from a bank, on notes endorsed by said persons, and discounted at the said bank, to extricate him from his embarrassments. That *Campbell* paid to the said attorney the amount of the principal, interest and costs, as well of the original as of the supersedeas judgment. That *Campbell* informed the said attorney that he had promised the persons from whom he obtained the money, an assignment of the judgments against him—the witness did not recollect that he mentioned any thing on the subject of the judgment against his sureties. That the attorney on the 31st of March 1810, on receipt of the money, assigned the judgment to *Gilmor, Howard,* and others, and delivered the assignment to *Campbell,* whom he considered as acting generally in this transaction as the agent of said persons. The plaintiffs then read in evidence the docket entries of the execution issued on the *supersedeas* judgment, in the names of the original plaintiffs, for the use of *Gilmor, Howard,* and others, against *Campbell, Newman* and *Courts;* and also proved by the said attorney, that he would not have caused the entries for the use of the persons for whose use this suit is brought, to have been made, except by the direction of *Campbell.* The defendant also proved, that the legal plaintiffs knew nothing of the assignment, or ever gave any direction that it should be made. He further proved, that a similar arrangement was made by *Campbell* with Major *Chapman,* (another attorney of the court,) in other cases of executions similarly situated; and further, that 3 or 4 years ago, Col. *Howard* and Major *Chapman* had a conversation on the subject, in which *Howard* inquired what chance there was of their get-

June 1820.

Burnet, &c
vs
Courts

ting their money from *Campbell*, and directed his inquiries particularly as to *Campbell's* solvency and property; in the course of this conversation, *Chapman* told him that he believed there were judgments assigned for their use, in which there were sureties; to which *Howard* replied, that he knew very little about the transaction, but believed there were some such assignments. The defendant also read in evidence, a deed of trust from *Campbell* to *W. Cooke* and *J. B. Morris*, dated the 4th of November 1816, reciting, that *Campbell* being indebted on mortgages, &c. and on judgments, to the persons for whose use this suit, and several others were entered, as per schedule, did convey, &c. to the said *Cooke* and *Morris*, and authorise them to sell all his lands, negroes, &c. for the purpose of paying his said debts. He also gave in evidence the following docket entries, viz.

"*Burnet & Rigdon*, use of *Robert Gilmor, et al.* vs. *John Campbell, Francis Newman, and William Courts.* } *Ca. sa.* on *Supersedeas* issued to March term 1810. *Cepi, Francis & William*, non est *John*. Not called by consent.

Same use Same. vs. *John Campbell*. } *Sci. fa.* Docketted by consent August term 1811. *Fiat* by confession," &c.

The defendant then prayed the court to instruct the jury, that if they believed the evidence, the plaintiffs were not entitled to recover. Which instruction, [*Johnson*, Ch. J. and *Plater*, A. J.] gave as prayed. The plaintiffs excepted. Verdict and judgment being for the defendant, the plaintiffs appealed to this court.

The cause was argued before Buchanan, Earle, and Dorsey, J. by

*Stone*, for the appellants, and by

*Harper*, for the appellee.

Dorsey, J. delivered the opinion of the court.

*Burnet* and *Rigden* recovered a judgment in *Charles* county court against *John Campbell*, who afterwards superseded the same, with *William Courts* and *Francis Newman* as his sureties. A *ca. sa.* issued on the *supersedeas* judgment, returnable to March term 1810, on which *Wil-*

*liam Courts* alone, was taken, and the execution was entered, not called by consent. A *scire facias* was afterwards issued in the names of *Burnet* and *Rigden*, for the use of *Gilmor*, *Howard*, *Swan* and *Pringle*, against *Courts*, to revive the *supersedeas* judgment, who being summoned, appeared in court, and pleaded payment of the judgment by *John Campbell*, on which issue was joined; and on the trial, the court below gave an opinion, that on the testimony stated in the bill of exceptions, the plaintiffs were not entitled to recover. The testimony is express, that *John Campbell* paid to the attorney of the legal plaintiffs, the full amount of the debt, interest and costs, due on the original and *supersedeas* judgments. But it is contended, that *Campbell*, in making the payment, acted as the agent of *Gilmor*, and others, who were the real purchasers of the judgments, and therefore took an assignment of the judgment in their names. The facts proved, so far from warranting the inference that *Campbell* acted as the agent of *Gilmor* and others, decisively show, that the money with which the judgments were satisfied, belonged to *Campbell*, and was raised by him at bank, by discounts on paper loaned by *Gilmor*, and others, to him, for the purpose of extricating him from his embarrassments; and although *Campbell* might have been willing and desirous that the judgments should be assigned or pledged to his endorsors, as a security for their engagements at bank for his benefit, yet he had no power or authority, by getting an assignment from the attorney of the legal plaintiffs, to pledge the responsibility of the superseders, who had become his sureties, and whom in law and justice he was bound to save harmless.

It has been urged by the appellant's counsel, that the court below ought to have left it to the jury to say, whether *Courts* did not assent to the assignment.

There was no evidence from which the fact of assent could be inferred; and if such fact had been found, it could not have estopped the defendant from setting up a payment, which both in law and conscience operated to discharge him from all responsibility.

JUDGMENT AFFIRMED.